UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMIR POORFAKHRAEI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:22-CV-1201 SRW |
| FEDERAL RESERVE BANK, OF ST. LOUIS, | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of Plaintiff Amir Poorfakhraei for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 2]. Having reviewed the motion, the Court finds it should be granted. *See* 28 U.S.C. § 1915(a)(1). Plaintiff will also be required to file an amended complaint on a Court-form within thirty (30) days of the date of this Memorandum and Order.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (the court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

While a plaintiff "need not set forth "detailed factual allegations," or "specific facts" that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests." *Gregory v. Dillard's, Inc.,* 565 F.3d 464, 473 (8th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) and *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). Therefore, a district court is "not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint." *Gregory*, 565 F.3d at 473. But when there are "well-pleaded factual allegations, a

court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*, 556 U.S. at 679.

At the pleading phase, a plaintiff need not plead facts establishing a prima facie case for their employment discrimination claim. *See Wilson v. Arkansas Dep't of Human Services*, 850 F.3d 368, 372 (8th Cir. 2017); *Ring v. First Interstate Mortgage, Inc.,* 984 F.2d 924, 926–27 (8th Cir. 1993). In *Swierkiewicz*, the Supreme Court "negated any need to plead a prima facie case in the discrimination context and emphasized that the prima facie model is an evidentiary, not a pleading, standard." *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) (citing *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002)). Because the prima facie model is not a pleading standard, "there is no need to set forth a detailed evidentiary proffer in a complaint." *Id. See Ring*, 984 F.2d at 926–27.

The "elements of the prima facie case are [not] irrelevant to a plausibility determination in a discrimination suit." *Blomker*, 831 F.3d at 1056. The allegations in a complaint must "'give plausible support to the reduced prima facie requirements that arise under *McDonnell Douglas*,' which in turn 'reduces the facts needed to be pleaded under *Iqbal*.'" *Wilson*, 850 F.3d at 372 (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 310, 312 (2d Cir. 2015)). *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The elements are "part of the background against which a plausibility determination should be made." *Blomker*, 831 F.3d at 1056 (quoting *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013) ("This approach is fully consistent with *Swierkiewicz's* dictates")). The elements of a prima facie case "may be used as a prism to shed light upon the plausibility of the claim." *Id.* (citation omitted). Through this prism, the complaint "must include sufficient factual allegations to provide the grounds on which the claim rests." *Id.* (emphasis in original) (quoting *Gregory*, 565 F.3d at 473).

3

## The Complaint

Plaintiff is a self-represented litigant who brings this civil action pursuant to the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601, *et seq.*, and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, *et seq.*[1] He names his former employer, the Federal Reserve Bank of St. Louis ("Federal Reserve"), as the defendant in this action.

Plaintiff asserts that on October 6, 2022, he was taken to the hospital from the Federal Reserve, and diagnosed with "starvation ketoacidosis, stupor, provoked seizure, and bizarre behavior." He alleges that he was "not allowed to work" after that time, and on October 28, 2022, he received a call from an unspecified person in the Human Resources Office at the Federal Reserve terminating his employment at the Federal Reserve. Plaintiff claims that he was discriminated against by his employer "based on [his] medical history."

Plaintiff has not indicated a specific damage amount in this action. He seeks to be allowed to return to work.

## Discussion

Plaintiff is a self-represented litigant who brings this action pursuant to the FMLA and the ADA. Having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915, the Court has determined that at this time, Plaintiff has failed to set forth enough facts to state a claim for either discrimination or interference under the FMLA. Additionally, as currently stated, Plaintiff has also failed to allege enough factual assertions to indicate that he was disabled within the meaning of the ADA.

---

[1] Plaintiff designates his causes of action on the Civil Cover Sheet attached to the body of his Complaint.

However, because Plaintiff is proceeding pro se, he will be allowed the opportunity to file an amended complaint, along with a copy of his charge of discrimination and notice of right to sue supporting his ADA claim.

**A. Defects in Complaint**

As noted above, Plaintiff's complaint currently lacks enough factual allegations to support his FMLA claims.

**1. FMLA Claim**

The FMLA entitles any "eligible employee" to a total of twelve (12) work weeks of leave during any twelve-month period to care for a "serious health condition" that renders the employee unable to perform the functions of his work or to care for a "serious health condition" of a spouse or child. 29 U.S.C. § 2612(a)(1)(C), (D); 29 C.F.R. § 825.112(a). A "serious health condition" is "an illness, injury, impairment, or physical or mental condition" that involves inpatient care or "continuing treatment by a health care provider." 29 U.S.C. § 2611(11); 29 C.F.R. § 825.113(a). The FMLA permits an employee to take leave intermittently to care for chronic conditions that occur over an extended period, require periodic treatment, or cause episodic periods of incapacity. *See* 29 U.S.C. § 2612(b)(1); 29 C.F.R. § 825.115(c). The FMLA additionally protects workers who exercise their rights under the statute.

It is unlawful "for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]." 29 U.S.C. § 2615(a)(1). The United States Court of Appeals for the Eighth Circuit recognizes three distinct types of claims brought under the FMLA: "entitlement" or "interference" claims; "retaliation" claims; and "discrimination" claims. *Brown v. City of Jacksonville*, 711 F.3d 883, 890–91 (8th Cir. 2013).

Plaintiff has not specified the type of claim he is asserting against Defendant. However, the Court presumes he is asserting either an interference claim, or a discrimination claim, both of which arise under 29 U.S.C. § 2615(a)(1). *Id*. An employee may bring an interference claim when his employer "refuses to authorize leave under the FMLA or takes other action to avoid responsibilities under the Act," or when his employer "takes adverse action against [the] employee because the employee exercises rights to which he is entitled under the FMLA," he can sue for discrimination. *Pulczinski v. Trinity Structural Towers, Inc.,* 691 F.3d 996, 1005–06 (8th Cir. 2012).

To properly allege an FMLA interference claim, Plaintiff must claim that he was "an eligible employee"[2] and that he gave adequate notice to Defendant of his need for FMLA leave. *Wages v. Stuart Mgmt. Corp.,* 798 F. 3d 675, 679 (8th Cir. 2015). An interference claim has three elements. A plaintiff must allege that: (1) he was eligible for FMLA leave; (2) the defendant was on notice of his need for FMLA leave;[3] and (3) the defendant denied him benefits to which he was entitled under the Act. *Hasenwinkel v. Mosaic*, 809 F.3d 427, 432 (8th Cir. 2015).

"To establish a prima facie case of FMLA discrimination, plaintiff must show: (1) that he engaged in activity protected under the FMLA, (2) that he suffered a materially adverse employment action, and (3) that a causal connection existed between the employee's action and the adverse employment action." *Hudson v. Tyson Fresh Meats, Inc.*, 787 F.3d 861, 866 (8th Cir.

---

[2]*See* 29 U.S.C. § 2611(2)(A) (defining an "eligible employee" under the FMLA as one who has been employed for at least twelve months by the employer from whom he seeks leave and has worked at least 1,250 hours the past twelve-month period).

[3]"A claim under the FMLA cannot succeed unless the plaintiff can show that he gave his employer adequate and timely notice of his need for leave[.]" *Chappell v. Bilco Co.,* 675 F.3d 1110, 1116 (8th Cir. 2012) (citation omitted). To fulfill this duty to notify, an employee must provide enough information for his employer to determine whether the FMLA may apply to the request to be excused from work. *Id.*; *see* 29 C.F.R. §§ 825.302(c), .303(b).

2015). Discrimination claims "require proof of the employer's discriminatory intent." *Brown*, 711 F.3d at 891; *see Pulczinski*, 691 F.3d at 1006 ("An employee making [an FLMA discrimination] claim must prove that the employer was motivated by the employee's exercise of rights under the FMLA.").[4]

In this case, Plaintiff's complaint is devoid of factual allegations relative to his serious health condition or the fact that he was an eligible employee under the FMLA. Plaintiff has also failed to present any factual assertions indicating that he gave notice to his employer or that he needed leave for his serious health condition, but that his employer failed to authorize leave under the FMLA. Moreover, Plaintiff has failed to articulate whether the Federal Reserve "interfered" with his alleged leave or discriminated against him for taking leave under the FMLA, which he was allegedly entitled to under the Act, and that the purported termination he suffered was connected to his FMLA leave, and/or notice of taking such leave.

To remedy the deficiencies in Plaintiff's complaint, the Court will allow Plaintiff to amend his pleading on a Court-provided form within thirty (30) days of the date of this Memorandum and Order.

**2. ADA Claim**

Similar to his claims under the FMLA, Plaintiff also fails to articulate enough facts in his complaint relative to his ADA claims.

The ADA makes it unlawful to discriminate against a qualified individual "on the basis of disability." 42 U.S.C. § 12112(a). A "qualified individual" is a person "who, with or without

---

[4] At the pleading stage, a plaintiff raising a discrimination or interference claim, "need not plead facts establishing a prima facie case[.]" *Warmington v. Bd. of Regents of Univ. of Minn.*, 998 F.3d 789, 796 (8th Cir. 2021); *see also Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1016 (8th Cir. 2013). "However, the 'elements of the prima facie case are [not] irrelevant to a plausibility determination in a discrimination suit.'" *Warmington*, 998 F.3d at 796 (quoting *Blomker*, 831 F.3d at 1056).

reasonable accommodation, can perform the essential functions" of his or her job. 42 U.S.C. § 12111(8). Under the ADA, prohibited discrimination includes discrimination against a qualified individual because of his or her disability (*i.e.,* intentional discrimination), *see* 42 U.S.C. § 12112(a)–(b)(1), as shown by evidence of disparate treatment or other proof that will vary according to the specific facts of the case. *Young v. Warner-Jenkinson Co., Inc.,* 152 F.3d 1018, 1022 (8th Cir. 1998). Prohibited discrimination also includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability" unless doing so would impose "an undue hardship" on the operation of the employer's business. 42 U.S.C. § 12112(b)(5).

A party may prove intentional discrimination under the ADA either by direct or indirect evidence. *Griffith v. City of Des Moines*, 387 F.3d 733, 736 (8th Cir. 2004). "Direct evidence includes 'evidence of conduct or statements by persons involved in the decision-making process that may be viewed as directly reflecting the alleged discriminatory attitude,' where it is sufficient to support an inference that discriminatory attitude more likely than not was a motivating factor." *Schierhoff v. GlaxoSmithKline Consumer Healthcare, L.P.,* 444 F.3d 961, 966 (8th Cir. 2006) (quoting *Radabaugh v. Zip Feed Mills, Inc.,* 997 F.2d 444, 449 (8th Cir. 1993)).

A plaintiff who relies on indirect evidence to prove intentional discrimination under the ADA, must first allege (1) that he or she was disabled within the meaning of the ADA[5]; (2) that the plaintiff was qualified to perform the essential functions of the job [with or without a reasonable

---

[5]The ADA defines disability in the following three ways: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2*); Webner v. Titan Distribution, Inc.,* 267 F.3d 828, 833 (8th Cir.2001). A person is regarded as disabled if "(1) the employer mistakenly believes that the employee has an impairment (which would substantially limit one or more major life activity), or (2) the employer mistakenly believes that an actual impairment substantially limits one or more major life activity." *Wenzel v. Missouri-American Water Co.,* 404 F.3d 1038, 1041 (8th Cir. 2005).

accommodation]; and (3) there was a causal connection between an adverse employment action and the disability. *Oehmke v. Medtronic, Inc.,* 844 F.3d 748, 755 (8th Cir. 2016).

In the present case, Plaintiff has failed to allege that he was disabled (or identify an alleged disability) within the meaning of the ADA. Furthermore, he has not alleged that he was regarded by his employer as being disabled or discriminated against/terminated because of such a disability. Plaintiff has similarly failed to allege that his alleged disability was the motivating factor for his purported termination from the Federal Reserve.

Plaintiff's failure to provide facts relative to his disability under the ADA is fatal to his claim for relief. However, he will be provided thirty (30) days to amend his pleading on a Court-provided form. The Court will direct him to file an amended complaint according to the instructions set forth below. Plaintiff will also be required to submit a copy of his charge of discrimination from the Equal Employment Opportunity Commission (EEOC) and a notice of right to sue, along with his amended complaint so that the Court may ascertain whether he has fully exhausted his administrative remedies with respect to his ADA claims.

**B. Exhaustion of Administrative Remedies with Respect to Plaintiff's ADA Claims**

If a plaintiff desires to bring an ADA claim, he must first exhaust his remedies with the EEOC. *See* 42 U.S.C. § 12117(a) (incorporating by reference 42 U.S.C. § 2000e-5(e)(l), outlining charge requirements). *See also Moses v. Dassault Falcon Jet-Wilmington Corp.,* 894 F.3d 911, 919 (8th Cir. 2018) (in order to assert an ADA claim, the plaintiff must have first exhausted his administrative remedies by filing a charge of discrimination with the EEOC); *Harris v. P.A.M. Transp., Inc.,* 339 F.3d 635, 638 (8th Cir. 2003) ("There is a long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted."); and *Randolph v. Rogers*, 253 F.3d 342,

9

347 n.8 (8th Cir. 2001) ("Title VII of the Civil Rights Act of 1964 and Title I of the ADA both require exhaustion of administrative remedies").

There is no indication in the complaint that Plaintiff has filed a charge of discrimination with the EEOC. Therefore, the Court will provide Plaintiff time to provide the Court with a copy of his charge of discrimination and his right to sue from the EEOC so that the Court may ascertain whether he has fully exhausted his administrative remedies with respect to his ADA claims.

### C. Amendment Instructions

Plaintiff should type or neatly print his amended complaint on the Court's employment discrimination complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, Plaintiff should clearly print Defendant's name. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"). Plaintiff should fill out the complaint form in its entirety.

In the section of the employment discrimination complaint form which asks Plaintiff to state, "as briefly and clearly as possible, the essential facts of your claim," Plaintiff should provide a short and plain statement of the factual allegations supporting his claim or claims. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

Plaintiff should specify all legal grounds for his employment discrimination lawsuit and provide all required information regarding the Defendant. He should detail all facts regarding the specific conduct he believes is discriminatory. Plaintiff is required to set out his alleged claims in a simple, concise, and direct manner. He must also present the facts supporting his claims as to the

named Defendant. The Court notes that Plaintiff is required to provide more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Moreover, he must present factual allegations that are "enough to raise a right to relief above the speculative level." *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017).

Plaintiff is warned that filing an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect.").

As noted above, Plaintiff is required to submit both a copy of the notice of right to sue which he received from the EEOC, as well as a copy of the charge of discrimination he submitted to the EEOC, as attachments to the amended complaint. His failure to do so may result in a dismissal of this action, without prejudice.

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. If Plaintiff fails to file an amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

## Motion for Appointment of Counsel

Plaintiff filed a motion to appoint counsel in addition to his complaint in this action. [ECF No. 3]. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous

11

claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. This case appears to involve straightforward factual and legal issues, and there is no indication that Plaintiff cannot investigate the facts and present his claims to the Court. The Court will therefore deny the motion without prejudice and will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to Plaintiff a copy of the Court's employment discrimination complaint form.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that Plaintiff shall attach to his amended complaint a copy of his notice of right to sue received from the EEOC, as well as a copy of his charge of discrimination filed with the EEOC.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order or if he fails to file a copy of either his notice of right to sue or charge of discrimination with the Court, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of the amended complaint, the notice or right to sue, and charge of discrimination, the Court will review it pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED, without prejudice, at this time**.

Dated this 9th day of December, 2022.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE